# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERRY V. BOLIN,**

        **Petitioner,**

    **v.**                                      **CIVIL ACTION NO. 1:05CV104**

**WILLIAM F. FOX, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On July 15, 2005, *pro se* petitioner, Jerry V. Bolin [hereinafter referred to as "Bolin"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. By order entered July 26, 2005, the undersigned ordered the respondent, William M. Fox [hereinafter referred to as "Fox"] to respond to the petition. On August 25, 2005, Fox filed a Motion to Dismiss Petition as Untimely Filed. Because Bolin is proceeding *pro se*, the Court issued a Roseboro[1] notice on September 23, 2005, advising Bolin of his right to respond to the Motion to Dismiss within thirty (30) days. No response has been filed by Bolin.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

### II. FACTS

#### A. Conviction

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

During the June 1998 Term of the Jackson County, West Virginia Grand Jury, Bolin was indicted for three (3) counts of third degree sexual assault. On August 10, 1999, Bolin pleaded guilty to all three (3) counts of the indictment. On November 1, 1999, Bolin was sentenced to one to five (1-5) years on each of the three (3) counts, said sentences to run consecutively. Bolin did not file an appeal with the West Virginia Supreme Court of Appeals.

### B. State Habeas Corpus

Bolin, by counsel, filed a writ of habeas corpus in the Circuit Court of Jackson County on August 8, 2001. By order entered August 7, 2003, the Circuit Court denied the petition on the merits.

In addition to filing a petition for writ of habeas corpus in circuit court, Bolin, by counsel, filed a petition for habeas corpus on February 22, 2005, under the original jurisdiction of the West Virginia Supreme Court of Appeals. By order dated April 28, 2005, the West Virginia Supreme Court refused the petition.

### C. Federal Habeas Corpus

**Bolin's Contentions**

(1) Denial of effective assistance of counsel because his attorney did not properly advise him as to the maximum possible sentence he would be facing as the result of his guilty plea.

(2) His guilty plea was not made voluntarily or intelligently because the trial court failed to advise him about the maximum possible sentence he faced.

**Fox's Contentions**

(1) The petition is untimely.

(2) Bolin has failed to exhaust his state remedies.

#### D. Recommendation

As discussed below, it is recommend that Bolin's petition be denied as untimely and that Fox's Motion to Dismiss be granted.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Bolin does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which Bolin's's judgment became final is relevant in determining the statute of limitations.

Bolin was sentenced on November 1, 1999. He did not appeal his conviction. Therefore, Bolin's conviction became final on March 1, 2000, the date the time for seeking direct review expired.[2] Consequently, Bolin had one year from March 2, 2000, or until March 1, 2001, to file a §2254 petition. Bolin did not take any action between March 2, 2000 and March 1, 2001. In fact, Bolin did not file his state habeas petition until August 8 2001, after the one year limitations period had ended. Thus, Bolin's August 8, 2001 habeas petition did not toll the one year

---

[2]Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, "a petition must be filed with the clerk of the circuit where the judgment, decree or order being appealed was entered within four months of entry of the circuit court's order." See also, City of Philipi v. Weaver, 540 S.E.2d 563, 566 (W.Va.2000).

limitations period. Therefore, because statute of limitations had expired on March 1, 2001, and there is no event which tolled the statute of limitations, Bolin filed his §2254 petition more than four (4) years after the statute of limitations had expired and is, therefore, untimely. Bolin was given the opportunity to respond to Fox's argument that his petition was untimely but failed to do so. Accordingly, there is nothing before the Court which reveals the statute of limitations should have been tolled.

## IV. MISCELLANEOUS MOTIONS

On August 16, 2005, the petitioner filed a Motion for Appointment of Counsel and a Motion for an Evidentiary Hearing. Inasmuch as a review of the pleadings in this matter reveals that Bolin's §2254 motion is untimely and should be denied and dismissed with prejudice, his motions for appointment of counsel and evidentiary hearing are denied as moot.

## V. RECOMMENDATION

It is recommended that Fox's motion to dismiss be GRANTED and the petition of Bolin filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because it is untimely. Bolin's Motion for Appointment of Counsel and Motion for Evidentiary Hearing are denied as moot.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467

U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to Bolin and the Attorney General for the State of West Virginia.

Dated: 12/12/05

  James E. Seibert  
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**